1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9  Rude Echohawk Fuentez,                    No. CV-15-00256-PHX-ROS (BSB)

10                    Petitioner,            **REPORT AND**
                                             **RECOMMENDATION**
11  v.

12  Charles L. Ryan, et al.,

13                    Respondents.

14

15          On February 11, 2015, Petitioner Rude Echohawk Fuentez filed a Petition for Writ

16  of Habeas Corpus pursuant to 28 U.S.C. § 2254.   (Doc. 1.)   On April 21, 2015,

17  Respondents filed a notice of lack subject matter jurisdiction to consider Petitioner's

18  successive petition for writ of habeas corpus (the Notice).  (Doc. 11.)  The Court ordered

19  Petitioner to file a response to the Notice on or before May 22, 2015.   (Doc. 12.)

20  Petitioner did not file a response to the Notice.  On June 18, 2015, after the May 22, 2015

21  deadline passed, Petitioner filed a motion for an extension of time to file an application

22  for leave to file a second or successive petition in the Ninth Circuit Court of Appeals.

23  (Doc. 13.)  For the reasons set forth below, the Court recommends that the Court deny the

24  motion for extension of time and transfer the Petition to the Ninth Circuit Court of

25  Appeals.

26  **I.      Procedural Background**

27          On May 1, 1986, following a jury trial in Maricopa County Superior Court case

28  number CR-151857, Petitioner was convicted of two counts of child molestation and one

count of contributing to the delinquency of a minor, and was sentenced to consecutive prison terms totaling forty-six years.  (Doc. 11, Ex. D, Ex. F at 2.)

On April 22, 1997, Petitioner filed a petition for writ of habeas corpus in this Court raising the following claims: (1) his convictions violated the Fifth Amendment's Double Jeopardy Clause; (2) his conviction for contributing to the delinquency of a minor violated his Fourteenth Amendment right to due process; and (3) the Arizona courts incorrectly determined that the claims he had raised during his post-conviction proceedings were precluded under state law.  (Doc. 11, Ex. D, Ex. E at 3-4.)  On March 5, 2011, the Court denied habeas relief and dismissed the petition with prejudice. (Doc. 11, Exs. G, H.)

On October 3, 2005, Petitioner filed a second petition for writ of habeas corpus in this Court arguing that the state trial court violated the Ex Post Facto Clause by enhancing his sentences in CR-151857 with a 1977 California prior conviction.  (Doc. 11, Ex. K.)  On November 18, 2005, this Court dismissed the second petition for writ of habeas corpus as successive and directed the Clerk of Court of provide Petitioner with a form approved by the Ninth Circuit for filing an Application for Leave to File a Second or Successive Petition or Motion Under 28 U.S.C. § 2254 or § 2255.  (Doc. 11, Exs. L, M.)

Respondents assert that they have reviewed PACER and there is no evidence that Petitioner filed a motion for leave to file a second or successive habeas petition with the Ninth Circuit Court of Appeals after this Court's order dismissing Petitioner's 2005 habeas petition.  (Doc. 11, Ex. A.)  Petitioner does not dispute that assertion.  (Doc. 13.)

On February 11, 2015, Petitioner filed the pending petition for writ of habeas corpus in this Court.  (Doc. 1.)  Petitioner asserts a violation of the Ex Post Facto Clause based on the state court's alleged application of a 1978 statute to a 1977 conviction to enhance Petitioner's sentences in Maricopa County Superior Court case number CR-151857.  (*Id.* at 1, 6.)  Petitioner raised this same claim in the § 2254 petition he filed in 2005.  (*Compare* Doc. 1 at 6, 12-16 *with* Doc. 11, Ex. K at 5.)

**II.     Analysis**

The Anti-terrorism and Effective Death Penalty Act (AEDPA) "restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications."  *Tyler v. Cain*, 533 U.S. 656, 661 (2001).   Under the AEPDA, Arizona prisoners seeking habeas corpus relief may not file a second or successive petition for writ of habeas corpus without first obtaining authorization from the Ninth Circuit Court of Appeals.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

As set forth above, in the pending habeas petition, Petitioner raises the same challenge to his sentence that he raised in a previous petition for writ of habeas corpus. Accordingly, the Petition is a "second or successive" petition under 28 U.S.C. § 2244(b), which Petitioner may not file in this Court without permission from the Ninth Circuit. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)."); *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (stating that, "[g]enerally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition.").

Because there is no evidence that Petitioner obtained permission to file a second or successive petition from the Ninth Circuit, this Court lacks jurisdiction to consider the merits of the Petition.  *See Burton*, 549 U.S. at 157.  Petitioner does not dispute that his Petition is successive.  (Doc. 13.)   Rather, he requests an extension of time to file an

application for leave to file a second or successive petition in the Ninth Circuit. (Doc. 13.)  Ninth Circuit Rule 22-3(a) provides that:

> [a]ny petitioner seeking authorization to file a second or successive 2254 petition or 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2244 or § 2255. . . . If a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, *the district court shall refer it to the court of appeals.*

Ninth Cir. R. 22-3(a) (emphasis added).  Rule 22-3 does not include a deadline for filing an application for leave to file a second or successive petition.  In view of Ninth Circuit Rule 22-3, the Court should deny Petitioner's motion for an extension of time without prejudice and transfer the Petition to the Ninth Circuit.

**III.     Conclusion**

Because Petitioner has filed a second or successive petition without first obtaining permission from the Ninth Circuit Court of Appeals, the Court should transfer this matter to the Ninth Circuit and administratively close the case.

Accordingly,

**IT IS RECOMMENDED** that Court **DENY** without prejudice Petitioner's motion for extension of time to file an application for leave to file a second or successive petition for writ of habeas corpus (Doc. 13), transfer the Petition for Writ of Habeas Corpus to the Ninth Circuit Court of Appeals as a second or successive petition, and administratively close the case.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the

Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 23rd day of June, 2015.

Bridget S. Bade
United States Magistrate Judge